IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Bridgett Morgan, :

        Plaintiff : Civil Action 2:12-cv-00700

v. : Judge Graham

Sulina Moler, : Magistrate Judge Abel

        Defendant :

## Initial Screening Report and Recommendation

Plaintiff Bridgett Morgan brings this action against defendant Sulina Moler. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim and, therefore, recommends dismissal of the complaint.

The complaint alleges that plaintiff is seeking monetary damages from Sulina Moler for making libelous statements to the Internal Revenue Service for "fraud tax filings audit." The complaint alleges that "[t]he defendant and co-worker Louise Long

are not business partners, as published by Sulina Moler." The complaint alleges that "[t]he plaintiff tax filings with husband name of Kevin Barksdale should not have been issued to Internal Revenue by the defendant. '2010." Sulina Moler." The complaint alleges that plaintiff's husband is Solomon Peterson according to the marriage certificate.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus*, 551 U.S. 89, 93 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," it is not true that notice pleading means that a complaint need plead no facts. The form complaints appended to the Federal

2

Rules of Civil Procedure all include basic facts, such as the date the actionable event(s) took place and a brief description of them. *E.g.,* Forms 9-14 and 17. Here the complaint does not allege the date(s) on which any actionable event took place. Further, it does not plead any facts that would give defendant notice of the claims and the grounds on which they rest.

Analysis. Here, the allegations in the complaint fail to give defendant fair notice of plaintiff's claims against her. The complaint does not articulate any basis for subject matter jurisdiction. It is simply not clear what defendant has allegedly done.

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke v. Williams*, 490 U.S. 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Lawler*, 898 F.2d at 1199. The complaint may not be dismissed as factually frivolous simply because the court finds the plaintiff's claims unlikely or improbable. *Denton*, 504 U.S. at 33. Here the complaint is legally frivolous.

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to state a claim under 42 U.S.C. §1983. Defendants do not

have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to the defendant.

s/Mark R. Abel  
United States Magistrate Judge